UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **08 - 60690**

CIV - GOLD
/ McALILEY

FILED BY ___ ___ D.C.

2008 MAY -8  PM 4: 06

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

BOHLER ENGINEERING, P.C., and )
BOHLER ENGINEERING, LLC, )
)
        Plaintiffs, )
)
v. )
)
MICHAEL RIVEZZI, )
)
        Defendant. )
)

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Bohler Engineering P.C. ("Bohler") and Bohler Engineering, LLC ("Bohler-FL")
(collectively, "Plaintiff"), by and through their undersigned counsel, bring this action against
Defendant, Michael Rivezzi ("Rivezzi" or the "Defendant"), and seek damages and injunctive
relief as follows:

        1.     This is an action for a violation of the Computer Fraud and Abuse Act, 18

U.S.C. § 1030 ("CFAA"), misappropriation of trade secrets in violation of Florida's Uniform

Trade Secret Act, Fla. Stat. § 688, violation of the New Jersey Computer Related Offenses Act,

N.J.S.A. § 2A:38A-1 et seq., unjust enrichment, breach of duty of loyalty/fiduciary duty,

conversion, and injunctive relief pursuant to Fed. R. Civ. P. 65.

## PARTIES AND JURISDICTION

        2.     Bohler is a New Jersey corporation with its principal place of business
located in Warren, New Jersey.

        3.     Bohler-FL is a New Jersey corporation with its principal place of business
located in Fort Lauderdale, Florida.

4.     Upon information and belief, Defendant, an individual, is presently a resident and citizen of Boca Raton, Florida. Upon information and belief, he is planning to leave the State of Florida in mid-May to relocate to the State of New Jersey.

5.     Venue for this cause of action properly lies in the U.S. District Court for the Southern District of Florida as the acts and/or omissions leading to this case occurred in and around Broward County in the State of Florida.

## BACKGROUND

6.     Plaintiff is engaged in the business of civil engineering, consulting, and related services. Plaintiff provides these services to customers throughout the United States.

7.     Defendant was employed by Plaintiff since in or about 1989 until his resignation was made effective on April 24, 2008.

8.     Defendant was a Senior Design Engineer at Bohler-FL until April 24, 2008. During his 19 plus years of employment with Bohler companies, Defendant worked in Bohler's New Jersey office and was involved with the company's information technologies ("IT") department.

9.     At the time of his resignation, Defendant also served as the IT representative for Bohler-FL.

10.    Defendant's job duties permitted him access to various electronic files and applications, as well as the 'box of licensed software' purchased by Bohler and assigned/transferred to Bohler-FL.

11.    On Monday, April 14, 2008, Defendant spoke to Mr. Lud Bohler, President of Bohler and sole owner of Bohler-FL by telephone. During this call, Defendant

advised Mr. Bohler that he was unhappy, had made the wrong decision regarding his move to Florida and he was unsure about his career.

12.     On April 21, 2008, Defendant advised Bohler-FL of his resignation, to be effective May 2, 2008.

13.     Defendant later admitted he had accepted a position with Lancore Engineering, a direct competitor of Bohler, which is owned by another former Bohler employee, Matthew Rudd.

14.     Defendant was permitted to continue his employment past April 21, 2008 to wrap up his involvement in any Bohler business and projects he was working on, and to transition work to his replacement.

15.     As a result of this resignation, Defendant's email activity was monitored to ensure he was not removing Bohler property, information, documents, etc.

16.     On April 23, 2008, in three separate email transmissions between 3:00 pm and 4:37 p.m., Defendant forwarded at least 11 confidential and proprietary files and applications from his Bohler email account to his personal email account.

17.     Defendant knowingly caused the transmission of Bohler's licensed and customized files through access to, and transmitting from, Plaintiff's email server located in the State of New Jersey.

18.     The electronic files included seven licensed AutoCAD electronic files and four customized applications.   The licensed files are denoted, for identification: 3d.lsp, 3darry.lsp, ai_utils.lsp, attredef.lsp, edge.lsp, eedcnvt.lsp and, sample-profile-util.lsp.

19.     The customized files are denoted, for identification: acad2006doc.lsp, acaddoc.lsp, acadinfo.lsp, and mysetup.lsp.

20.     As a result, on April 24, 2008, Defendant was advised that his services were no longer needed and his resignation would be effective April 24, 2008.

21.     The electronic files and applications which Defendant took include, but are not limited to, licensed (i.e., commercially available) and customized files.

22.     The electronic files and applications are utilized by Bohler's engineers to prepare Bohler's plans, designs, surveys, drawings, and other computer-aided design ("CAD") products and services

23.     With respect to the licensed files, Bohler purchases licenses from a third party licensor, pursuant to a software license agreement, at a significant expense.  Such licenses are necessary for the Bohler companies to possess and utilize these files.

24.     Bohler's engineers and other technical personnel also create, develop and customize electronic applications to work in conjunction with the licensed files in order to create a "Bohler signature brand of services and product."

25.     The customized applications have been and continue to be developed over many years by Bohler's engineers and technical personnel, at great effort and expense. Among other things, the customized applications are utilized to create the "Bohler brand" of drawings/plans for customers.

26.     The customized files are confidential and proprietary to Bohler and its Bohler companies and are not available to the public.

27.     These customized files, in combination with licensed files, set Bohler apart from its competition and provide a valuable competitive edge to the Bohler companies.

28.     By way of example, the application of these electronic files permits a Bohler designer or engineer to create Bohler formats, title blocks, general notes and other

necessary portions of the final drawing/plan.  Thus, the formula for a Bohler signature drawing is now readily accessible to Defendant, a former employee working for a direct competitor.

29.    The electronic files taken by Defendant will permit him to utilize Bohler's unique and proprietary "layered" drawing format to compete with Bohler, perhaps with Bohler clients.

30.    Also included in these electronic files are Bohler's "General Notes" which were developed at great expense by Bohler, with its outside, intellectual property legal counsel, to ensure appropriate information and legal protections are included in every Bohler drawing/plan.

31.    In short, these electronic files permit the user to access Bohler's "layered" drawing format, its logo, "general notes" and other proprietary information, literally, at the push of a button.

32.    The efficiencies and signature Bohler drawing/plan formats are immediately available to the user—in this case, a former employee who has announced he will commence employment with a direct competitor.

33.    Bohler takes measures to protect the licensed and customized electronic files.  In particular, user access to both the licensed and customized files is restricted only to Bohler's high-level management, Design Engineers, CAD Operators, and occasionally other technical personnel who have a need to work with the files.

34.    Bohler employees are not permitted to remove the licensed or customized applications either manually or electronically from Bohler's offices.

35.   Handbook policies regarding confidentiality of company information, use of electronic systems, and rules of conduct advise employees that Bohler property is not to be taken, disclosed, used or otherwise disseminated without authorization.

36.   Evidencing his intent to deceive and mislead Bohler, Defendant was confronted about his April 23rd emails to his home and initially denied any wrongdoing.

37.   When advised that Bohler possessed evidence of his April 23, 2008 email activity, Defendant admitted forwarding Bohler materials to his personal email account, but stated they were just "spreadsheets" and basic non-customized applications.

38.   Upon being advised that Bohler already knew the true nature of the materials he took, Defendant admitted to taking several electronic files and applications which were licensed and customized by Bohler engineers and technical personnel.

39.   Defendant also admitted he had made a mistake.

40.   Defendant was not authorized to take, remove, send, transmit or otherwise obtain Bohler's licensed or customized software and electronic files as he did on April 23, 2008 – a mere two days after his notice of resignation.

41.   Defendant has not returned the Bohler electronic files and applications he misappropriated nor has he provided any proof that he has destroyed such files.

42.   It is believed that Defendant is still in possession of such materials which will permit him to utilize Bohler's customized electronic files and to re-create its signature materials, plans and drawings, all of which are part of the "Bohler brand."

43.   All conditions precedent for bringing this action have occurred, been performed, or have been waived.

## COUNT I

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

44.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45.     On or about April 23, 2008, Defendant accessed a protected computer belonging to Plaintiff without authorization or by exceeding such authorization as was granted to him.

46.     Defendant downloaded licensed and customized electronic files that constitute confidential, proprietary and trade secret information to Plaintiff.

47.     Defendant sent this information to his personal email account for his personal use or, perhaps, for use in his newly obtained employment with a competitor of Plaintiff.

48.     Defendant's actions were knowing and done with intent to defraud as demonstrated by the fact such actions occurred after he resigned his employment with Plaintiff and his efforts to hide his employment with a competitor and initial—yet, futile—efforts to deny, then misrepresent the true nature of the documents and information taken by him.

49.     Defendant's acts furthered the fraud and he obtained the value of licensed and customized electronic files to which he was otherwise not entitled to.

50.     Defendant's conduct has caused damage to Plaintiff.

51.     The harm to Plaintiff is incalculable but more than $5,000.00

52.     An injunction is appropriate under 18 U.S.C. § 1030(g) because Plaintiff will not have an adequate remedy at law for the harm and damage which the acts of Defendant will cause.

WHEREFORE, Plaintiff demands the following:

a. a injunction enjoining Defendant from using or disclosing Plaintiff's trade secrets

b. an order requiring Defendant to produce his home and personal computers for inspection by an expert selected by Plaintiff;

c. damages in an amount to be ascertained;

d. its attorneys' fees and costs; and

e. any other appropriate relief as determined by this Court.

## COUNT II

## VIOLATION OF THE FLORIDA UNIFORM TRADE SECRET ACT, FLA. STAT. 688.01 et seq.

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

54. The customized electronic files constitute "trade secrets" belonging to Plaintiff and include formulas, patterns, compilations, programs, methods, techniques, or processes.

55. Plaintiff derives independent economic value, actual or potential, from these trade secrets not being generally known to, and not being readily ascertainable by proper means by, its competitors.

56. Plaintiff has taken reasonable efforts under the circumstances to maintain the secrecy of the customized and licensed electronic files.

57. Defendant used improper means to misappropriate these trade secrets and/or other confidential and proprietary information belonging the Plaintiff.

58. Defendant had neither the express nor implied consent of Plaintiff.

59.     Defendant thus used improper means to acquire these trade secrets for his own personal use.

60.     Defendant knew or had reason to know that his misappropriation and/or use of these trade secrets were derived from or through improper means.

61.     Defendant knew or had reason to know that he had acquired this information under circumstances giving rise to a duty to maintain its secrecy or limit its use.

62.     Defendant knew or had a reason to know he owed a duty to Plaintiff to maintain its secrecy or limit its use.

63.     Thus an injunction is appropriate under Fla. Stat. 688.03.

64.     Plaintiff will not have an adequate remedy at law for the harm and damage which the acts of Defendant will cause.

WHEREFORE, Plaintiff demands the following:

a.      a injunction enjoining Defendant from using or disclosing Plaintiff's trade secrets;

b.      an order requiring Defendant to produce his home and personal computers for inspection by an expert selected by Plaintiff;

c.      damages in an amount to be ascertained;

d.      exemplary damages constituting an amount double that received above in paragraph (c);

e.      its attorneys' fees pursuant to Fla. Stat 688.05; and

f.      any other appropriate relief as determined by this Court.

## COUNT III

65.     Plaintiff repeats and realleges its allegations set forth in paragraphs 1 to 43 of this Complaint, as though fully set forth herein.

66.     Defendant downloaded, copied and/or took trade secrets, confidential information and proprietary information of Plaintiff.

67.     Through these actions, Defendant purposefully and/or knowingly, and without authorization, took said information and data from Plaintiff's computer system and/or network through access to, and transmitting from, Plaintiff's email server located in the State of New Jersey.

68.     Defendant's conduct is in violation of the New Jersey Computer Related Offenses, N.J.S.A. § 2A-38/A-1, et seq.

69.     As a result of such conduct, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff demands judgment on its complaint against Defendant as follows:

a.     Awarding compensatory damages;

b.     Awarding punitive damages;

c.     Granting injunctive relief;

d.     Awarding costs of investigation and attorneys fees; and

e.     Granting such other and further relief as the Court may deem just and proper, along with costs of suit.

## COUNT IV

## UNJUST ENRICHMENT

70.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 of this Complaint as though fully set forth herein.

71.     As a result of Defendant's conduct in misappropriating Bohler's licensed and customized electronic files, he has received a benefit to which he is not entitled.

72.     To permit Defendant to retain such a benefit would be unjust.

WHEREFORE, Plaintiff demands the following:

a.     Compensatory damages;

b.     Costs; and

c.     any other appropriate relief as determined by this Court.

**COUNT V**

**BREACH OF FIDUCIARY DUTY/DUTY OF LOYALTY**

73.     Plaintiff incorporates and realleges Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

74.     Defendant held a position of responsibility and trust with Plaintiff and, therefore, owed a duty of loyalty to Plaintiff.

75.     Plaintiff entrusted Defendant with confidential information and trade secrets for the sole purpose of performing his duties with Plaintiff.

76.     By virtue of the aforesaid actions, Defendant breached his duty not to misappropriate Plaintiff's trade secrets and confidential information for his own personal use.

77.     Defendant was guilty of misconduct toward Plaintiff and was unfaithful to the trust placed on him by Plaintiff.

78.     As a result of Defendant's breach of his fiduciary duty/duty of loyalty, Plaintiff has been and/or will be severely and irreparably damaged.

79.     Plaintiff will not have an adequate remedy at law for the harm and damage which Defendant's breach of his fiduciary duty/duty of loyalty will cause.

WHEREFORE, Plaintiff demands the following:

a.     Compensatory damages;

b.     Costs;

-11-

c.      Such other and further relief as this Court may deem proper.

## COUNT VI

## CONVERSION

80.     Plaintiff incorporates and realleges Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

81.     While employed by Plaintiff, Defendant occupied positions of trust and confidence and because of his positions was granted access to Plaintiff's property including, but not limited to, confidential and proprietary information relating to Defendant's operations.

82.     Defendant was prohibited from misappropriating, disclosing, divulging or using this property and information by virtue of his common law obligations as well as by the aforesaid agreements.

83.     Plaintiff's property including, but not limited to, its confidential and proprietary information, was created, customized, modified, or developed by Plaintiff through the expenditure of significant time, resources and money.  Said information is not accessible to the public or Plaintiff's competitors.

84.     Plaintiff took reasonable precautions to protect its property and Plaintiff knew or had reason to know that they did not have Plaintiff's consent to take, remove, or retain such property.

85.     Upon information and belief, Defendant has converted Plaintiff's property including, but not limited to, its confidential and proprietary information in the form of licensed and electronic files for Defendant's use and benefit in violation of applicable law.

86.     As a proximate result of Defendants' unlawful conduct as described above, Plaintiff has suffered damages.

87.    Defendants' actions are intentional, willful, wanton and reckless and are calculated to harm Defendant in its business affairs.

WHEREFORE, Plaintiff demands the following:

a.    Compensatory damages;

b.    Costs;

c.    Such other and further relief as this Court may deem proper.

### JURY TRIAL

Plaintiff demands a trial on all issues so triable.

Dated:  May _8th_, 2008
Miami, Florida

Respectfully submitted,

_Christine L. Wilson_

Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *WilsonC@Jacksonlewis.com*
Ria N. Chattergoon, Esq.
Florida Bar No. 0015099
E-mail: *ChatterN@JacksonLewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-577-7600
Facsimile:  305-373-4466
Attorneys for Plaintiffs
Bohler Engineering, P.C. and
Bohler Engineering, LLC

oJS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

08-60690

CIV - GOLD

/ McALILEY

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS**

BOHLER ENGINEERING, P.C., and
BOHLER ENGINEERING, LLC

**DEFENDANTS**

MICHAEL RIVEZZI

County of Residence of First Listed Defendant **Palm Beach County**

**(b)** County of Residence of First Listed Plaintiff **Somerset County, New Jersey**
(EXCEPT IN U.S. PLAINTIFF CASES)

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Christine L. Wilson, Esq.
JACKSON LEWIS LLP
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131

Michael Rivezzi
9532 Boca River Circle
Boca Raton, FL 33434

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

FTL-08-600900-CV-Gold-McAliley

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 630 Liquor Laws | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 640 R.R. & Truck | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 650 Airline Regs. | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 660 Occupational Safety/Health | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** |
| **REAL PROPERTY** | ☐ 370 Other Fraud | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 861 HIA (1395ff) |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI |
| ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |

| CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | |
|---|---|---|---|---|
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 891 Agricultural Acts |
| ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 892 Economic Stabilization Act |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 893 Environmental Matters |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 894 Energy Allocation Act |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 895 Freedom of Information Act |
| ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 900 Appeal of Fee Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case YES **NO**     b) Related Cases YES **NO**

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 18 U.S.C. § 1030 Computer Fraud and Abuse Act, Defendant accessed Plaintiffs' computer system without authorization and forwarded Plaintiffs' trade secrets from computer for his personal use.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND Preliminary Injunction CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE THE
May 8, 2008